```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION


IN RE:  BENJAMIN H. YORMAK

        Debtor.
_____

STEVEN R. YORMAK,

        Appellant,

v.                                  Case No:  2:20-cv-384-JES
                                    Bankr. No. 9:15-BK-04241-FMD

ROBERT E. TARDIF, JR.,

        Appellee.
_____

STEVEN R. YORMAK,

        Appellant,

v.                                  Case No:  2:20-cv-385-JES
                                    Bankr. No. 9:15-BK-04241-FMD

ROBERT E. TARDIF, JR.,

        Appellee.
_____

STEVEN R. YORMAK,

        Appellant,

v.                                  Case No:  2:21-cv-390-JES

BENJAMIN H. YORMAK,

        Appellee.
_____

STEVEN R. YORMAK,

        Appellant,
```

v.                                Case No:  2:21-cv-725-JES

BENJAMIN H. YORMAK, Debtor,

    Appellee.

_____

**OPINION AND ORDER**

    This matter comes before the Court on Steven R. Yormak's Motion to Reconsider Court Order Dismissing This Appeal, and Stay Bankruptcy Action Relating to This Appeal and Related Underlying Bankruptcy Orders Pursuant to Rule 60 filed on January 5, 2023. Benjamin Yormak (debtor) filed a Response to the motion in 2:21-cv-390-JES and 2:21-cv-725-JES with all the above-captioned cases identified.  Steven R. Yormak (Yormak) seeks reconsideration of the dismissal of the appeals as a 'mistake in law' because none of them have been heard on the merits.  Alternatively, Yormak seeks reconsideration for other reasons under 60(b)(6).

    In the first 2020 appeal (384), Steven Yormak appealed the Bankruptcy Court's Order granting a motion compromise between the Trustee, Debtor, Buckner & Miles, P.A. and Hagens Berman Sobol Shapiro LLP.  In the second 2020 appeal (385), the Bankruptcy Court denied Steven Yormak's Motion for Derivative Standing to appeal Salon Adrian, Inc. v. CBL & Assocs. Props., Inc., 2:16-cv-206-PAM-MRM. In the first 2021 appeal (390), the Bankruptcy Court granted a discharge and denied Steven Yormak's Motion to Extend

Time to Object to Discharge. In the last appeal (729), the Bankruptcy Court granted a renewed motion to compromise with debtor over objections by Steven Yormak. All of these appeals were dismissed without prejudice as moot based on the decision in 2:21-cv-156-JES (156), wherein the Court reversed the granting of debtor's motion for summary judgment, reversed sustaining the Second Amended Objection and Disallowing Claim, affirmed the denial of creditor's motion for summary judgment, affirmed the denial of a motion to bar creditor's expert witness, affirmed the denial of the motion to rescind protective orders, and vacated the denial of reconsideration. The Court found that the validity of Steven Yormak's claim as a creditor was in question and the issue currently remains before the Bankruptcy Court. See September 19, 2022, Order. This is the Order that Yormak seeks to reconsider.[1]

In response, debtor argues that Rule 60 does not apply and this Court lacks jurisdiction to hear the motion because the motion is untimely under the applicable rule, Fed. R. Bankr. P. 8022. Alternatively, even if the motion is pursuant to Fed. R. Bankr. P. 9024, debtor argues no error or other basis for reconsideration has been demonstrated.

---

[1] The Bankruptcy Court has deferred consideration of Yormak's Motion to Rescind Bankruptcy Court Previous Orders (Bankr. Doc. #1011), including the Order granting a discharge, pending a decision on reconsideration in the district court.

"Although Rule 60 is made applicable to cases under the Bankruptcy Code by Bankruptcy Rule 9024, it applies only to judgments or orders of the bankruptcy court, and not to judgments or orders of a district court exercising appellant jurisdiction in a bankruptcy case."  Ben-Baruch v. Island Properties, 362 B.R. 565, 566 (E.D.N.Y. 2007) (collecting cases).

> When the district court is acting as an appellate court in a bankruptcy case, "Bankruptcy Rule 8015 [now 8022] provides the sole mechanism for filing a motion for rehearing." Matter of Eichelberger, 943 F.2d 536, 538 (5th Cir. 1991); see also id. at 539-40 (quoting In re Wynn, No. 90-1023 (5th Cir. Apr. 4, 1990) (unpublished)) ("A Rule 59(e) motion may be brought from a judgment of the bankruptcy court, see Bankruptcy Rule 9023, but not from a judgment of the district court exercising appellate jurisdiction in a bankruptcy case.")

Matter of Butler, Inc., 2 F.3d 154, 155 (5th Cir. 1993).  Under Rule 8022, "any motion for rehearing by the district court or BAP must be filed within 14 days after entry of judgment on appeal." Fed. R. Bankr. P. 8022(a)(1).  Yormak's motion is untimely as it was not filed within 14 days of the Order dismissing the appeals. While this untimeliness does not create a lack of jurisdiction, it is a claim processing rule which must be followed when properly raised.  Fort Bend Cnty., Texas v. Davis, 139 S. Ct. 1843, 1849 (2019).  Therefore, the motion is denied for lack of timeliness.

Accordingly, it is hereby

**ORDERED**:

Steven R. Yormak's Motion to Reconsider Court Order Dismissing This Appeal, and Stay Bankruptcy Action Relating to This Appeal and Related Underlying Bankruptcy Orders Pursuant to Rule 60 is **DENIED**.

**DONE and ORDERED** at Fort Myers, Florida, this ___9th___ day of February 2023.

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record

- 5 -